D. B. CONNOLLY, Appellant, v. THE DES MOINES INVEST-
MENT CO., and BENJAMIN F. KAUFFMAN.

**Negligence:** BUILDINGS: REASONABLE CARE: INSPECTION. The owner
1 of a building located on a public street is only held to the ex-
ercise of reasonable care and skill in maintaining the same in
a safe condition, but if it becomes dangerous from faulty con-
struction or otherwise a continuing duty of inspection exists,
not however to the extent of rendering the owner an insurer
of its safety, but requiring of him reasonable inspection from
time to time.

**Same.** The owner of a building who delegates to another the
2 work of inspecting it with respect to its safety is responsible
for the negligent performance of the work, although he may
have exercised reasonable care in the selection of the in-
spector.

**Negligence:** BURDEN OF PROOF. Proof of accident and injury arising
3 from the falling of a building or a part thereof raises a pre-
sumption of negligence on the part of the owner, but does
not shift the burden of proof so as to require the owner to
show freedom from negligence.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE,
Judge.

THURSDAY, DECEMBER 14, 1905.

Rehearing denied Thursday, May 24, 1906.

SUIT to recover damages for personal injuries. There
was a judgment for the defendants from which the plaintiff
appeals.— *Reversed.*

*James A. Merritt* and *W. A. Connolly,* for appellant.

*Dudley & Coffin,* for appellees.

SHERWIN, C. J.— The defendants are the owners of a
four-story building situated on the corner of Fourth and

Walnut streets in the city of Des Moines. While passing along the sidewalk in front of the building, the plaintiff was struck and injured by a cast-iron window cap that fell from one of the upper windows of the building to the walk. The case was tried to a jury and a verdict was returned for the defendants.

The appellant's principal complaint is of the instructions given to the jury, and to this complaint we shall first direct our discussion without specifically noticing each of the thirteen instructions assailed. The thought running through the instructions as a whole, is that the defendants were bound to exercise reasonable care and skill only, while the appellant contends that the law imposes a higher degree of care in this, that it requires a continuing duty of inspection. It is the general rule in this country that the owner of a building is held to the exercise of reasonable care and skill only, and that he is not an insurer of the safe condition of his building. 2 Sherman & Redfield on Negligence (5th Ed.), section 702; 1 Thompson on Negligence, section 1058. What action on the part of the owner shall be necessary to constitute the reasonable care required by the law cannot well be determined as a matter of law applicable to all cases. It may safely be said, however, that where a building is so situated as to be a menace to travel on a public street, if it become dangerous from faulty construction or other cause, a continuing duty of inspection may exist, and unless the owner has discharged this duty, he may not have exercised the reasonable care required by the law. This rule does not require such an inspection as shall make the owner an insurer of the safety of the building, but requires a reasonable inspection from time to time, and if this duty has been performed, he is not liable for a defect which was not discovered in time to repair it before the accident. Thompson on Negligence, *supra,* and cases cited.

1. NEGLIGENCE: buildings: reasonable care: inspection.

The defendants had the building examined by an

architect in December, 1900, and he did not discover or learn of any defect in the window cap.  On this branch of the case the court instructed that if it was found that the defendants in " employing said architect, and having said inspection and examination made, did what a reasonable, careful, and prudent person should do under the circumstances, then they fully performed their duty in this respect, and are not liable if said cap fell because of any defect in its construction or condition which existed at that time, and was not discovered or ascertained by said examination or inspection."  We think there was error in this instruction.  It told the jury, in substance, that if the defendants exercised ordinary care in the employment of an architect, they would not be liable, no matter how negligent the architect may have been in making the inspection.  This was in effect an application of the rule relating to independent subcontractors.  The duty of exercising reasonable care for the safety of the public is an absolute duty which rests upon every owner of fixed property, and if he delegates this duty to an agent or servant, he is answerable for the negligence of that agent or servant, under the rule of *respondeat superior.*  He cannot shift the responsibility by exercising care in the selection of his servant.  Thompson on Negligence, 1059, 1060; *Wilkinson v. Detroit Steel Wks.,* 73 Mich. 405 (41 N. W. 490).

2. SAME.

The trial court instructed that the burden was on the plaintiff to show, not only the negligence of the defendants, but his own freedom from contributory negligence.  The jury was further told that when a " building or a part thereof falls without apparent cause, and an injury results therefrom, proof of the accident and injury raises a presumption of negligence on the part of the owners."  There is no controversy between counsel as to the rule thus announced, but the appellant contends that it shifted the burden of proof and required the defendants to prove their freedom from negligence on the whole case.  The

3. NEGLIGENCE: burden of proof.

position cannot be maintained, however. A presumption of this kind does no more than to relieve the plaintiff from going forward with his evidence of the defendants' negligence until the defendant has produced his evidence on the subject. It has the force and effect of a *prima facie* case, and nothing more. If there be no evidence rebutting the presumption it may be sufficient to sustain the party in whose favor it arises, but it does not shift the burden of proof. 1 Elliott on Evidence, 91–93; Wigmore on Evidence, sections 2489, 2490.

The plaintiff attempted to prove by the witness Cross that the window cap which fell was improperly fastened to the building, and was insecure; but he was not allowed to do so, at least not as fully as he should have been. In many instances, but not in all, the questions also included the window caps generally, the plaintiff evidently proceeding on the theory that he could show the condition of all parts of the building, for the purpose of proving the defendant's negligence in the matters charged. Some of the testimony offered, however, should have been received. In conclusion we have to say that the appellant's brief makes no pretense of complying with the fifth subdivision of section 54 of the rules of this court, and in consequence thereof we may have overlooked some important point discussed somewhere in the argument. What we have said indicates our view of the law governing the most important feature of the case, and as the many other errors complained of are not likely to arise on a retrial we need not discuss them.

For the errors pointed out, the judgment is *reversed*.