NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CHRISTINE EMMONS, *Plaintiff/Appellant*,

*v.*

TELEFLEX INCORPORATED, a foreign corporation d/b/a ARROW
INTERNATIONAL, INC., *Defendant/Appellee*.

No. 1 CA-CV 19-0678
FILED 10-27-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-004853
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Mick Levin, P.L.C., Phoenix
By Mick Levin
*Counsel for Plaintiff/Appellant*

Snell & Wilmer, L.L.P., Phoenix
By Ashley Wiberg, Tracy H. Fowler, *Pro Hac Vice*
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1        Appellant Christine Emmons appeals the superior court's grant of summary judgment to Appellee Teleflex Incorporated and dismissal of her defective product claim.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        While at Banner Health hospital, Emmons received an epidural to assist with the pain during her child's birth.  After delivery, a nurse attempting to remove the catheter experienced some resistance and a portion of the catheter broke off and remained in Emmons' back.  The catheter included instructions for use, noting the catheter can be inadvertently separated if excessive force is applied during the catheter's removal, and providing an alternative removal technique if resistance is encountered.  The instructions also included multiple warnings and cautions, including the following: "Warning: Never tug or quickly pull on catheter during removal from patient to reduce risk of catheter breakage"; and "Warning: Do not apply additional tension on the catheter if catheter begins to stretch excessively."

¶3        A doctor consulted with Emmons and advised her that the fragmented catheter was not an emergency; removing the fragment would result in symptoms far in excess than those caused by the fragment's presence, and there was no guarantee surgery would find or remove the entirety of the remaining catheter.  Given the doctor's strong recommendation to leave the fragment, Emmons decided not to undergo surgery at that time.  However, following discharge, Emmons experienced continuing back and leg pain, and later decided to remove the catheter surgically.

¶4        Emmons sued Banner Health, alleging negligence by its employees during the removal of the epidural catheter.  Banner Health filed a notice of nonparty at fault, alleging the catheter was defective, and the

manufacturer of the catheter, Teleflex, was wholly or partially at fault for Emmons' injuries. Emmons amended her complaint to include Teleflex as a defendant, bringing product liability claims of manufacturing defect and failure to warn. Emmons later settled her claims against Banner Health, and Banner Health was dismissed from the lawsuit, leaving only Emmons' claims against Teleflex.

¶5 Teleflex filed a motion for summary judgment, arguing Emmons failed to present any evidence of a defect or failure to warn. In her response, Emmons argued that a product's failure under normal use could be used as proof of a defect, and circumstantial evidence could be used to establish the existence of a defect. With its reply, Teleflex submitted a separate statement of facts and 344 pages of Emmons' medical records, Emmons' complaint, Emmons' response to the motion for summary judgment, and Emmons' responses to interrogatories. Emmons filed a motion to strike the additional materials, arguing they should have been submitted with the initial pleading.

¶6 The superior court held a hearing to discuss the motion for summary judgment and motion to strike. At the hearing, Emmons conceded she was not arguing failure to warn, and the only claim she argued was manufacturing defect. Following oral argument, the superior court denied Emmons' motion to strike and granted Teleflex's motion for summary judgment. Emmons timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes section 12-120.21(A)(1).

## DISCUSSION

I.    Emmons' Motion to Strike

¶7 Emmons argues the superior court erred in denying her motion to strike Teleflex's separate statement of facts and documents in support of its reply. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Ariz. R. Civ. P. 12(f). We review the denial of a motion to strike for an abuse of discretion. *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009); *Birth Hope Adoption Agency, Inc. v. Doe*, 190 Ariz. 285, 287 (App. 1997).

¶8 The Arizona Rules of Civil Procedure contemplate parties submitting supplemental materials with a reply. *See* Ariz. R. Civ. P. 7.1(a)(3) ("[A] reply memorandum may not exceed 11 pages, *exclusive of attachments*") (emphasis added); *see also* Ariz. R. Civ. P. 56(c)(2) ("The moving party must serve *any reply memorandum and supporting materials* 15 days after the response is served.") (emphasis added). As Emmons and the

superior court noted, this court has previously allowed evidence to be submitted for the first time with a summary judgment reply where "the evidence is supplemental and the respondent is not prejudiced by its inability to answer substantively." *IMH Special Asset NT 168, LLC v. Aperion Communities, LLLP*, 1 CA-CV 15-0615, 2016 WL 7439001, at *4, ¶ 23 (Ariz. App. Dec. 27, 2016) (mem. decision).

**¶9**　　　　Although Emmons argues Teleflex raised new arguments for the first time in its reply brief, Emmons does not identify the new arguments raised. Additionally, Emmons argues Teleflex's reply first addressed whether the Banner Health nurse encountered resistance when removing Emmons' catheter. However, Teleflex's motion for summary judgment stated the Banner Health nurse "encountered some resistance during the removal of the Catheter, and a fragment broke off and remained in Plaintiff's back," cited to Emmons' medical records containing this information, and included the records as exhibits. This was not a fact raised by Teleflex for the first time in its reply.

**¶10**　　　　Although Teleflex's reply brief contained additional evidence, this material was Emmons' medical records, pleadings, and discovery responses—all records she provided to Teleflex. Emmons argues Teleflex prejudiced her by supplementing its reply brief with her medical records, because she would have obtained a deposition of the nurse who removed her catheter. But Emmons had access to her medical records and the information contained with them, and the identity and existence of the nurse was no secret to Emmons. Emmons' argument has been that the nurse removed the catheter properly, and so the only explanation for Emmons' injuries was a manufacturing defect; the nurse's removal of the catheter was not a new issue raised for the first time in Teleflex's reply. It is unclear why Emmons would have been unable to obtain a nurse's deposition before Teleflex filing its reply. The medical records produced by Teleflex were merely supplemental, and Emmons failed to demonstrate prejudice.

**¶11**　　　　The superior court did not abuse its discretion in denying Emmons' motion to strike.

II.　　　Teleflex's Motion for Summary Judgment

**¶12**　　　　Emmons argues the superior court erred in granting Teleflex's motion for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P.

56(a). We review the grant of summary judgment de novo, and we view the evidence and all reasonable inferences in favor of the non-moving party. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012); *State ex. rel Corbin v. Sabel*, 138 Ariz. 253, 255 (App. 1983).

¶13 As the superior court noted, Emmons failed to provide any direct evidence of the catheter's alleged defect, nor did she provide any expert evidence or other analysis of the catheter's condition. Instead, Emmons relies on a *res ipsa loquitur* argument. *Res ipsa loquitur*, applicable in some negligence cases, is "a rule of circumstantial inference of responsibility for an injury." *McDonald v. Smitty's Super Valu, Inc.*, 157 Ariz. 316, 318 (App. 1988). In those claims for negligence wherein *res ipsa loquitur* applies, a plaintiff must traditionally prove three elements:

> (1) the accident must be of a kind that ordinarily does not occur in the absence of negligence; (2) the accident must be caused by an agency or instrumentality subject to the control of the defendant; (3) the plaintiff must not be in a position to show the particular circumstances that caused the offending agency or instrumentality to operate to her injury.

*Lowrey v. Montgomery Kone, Inc.*, 202 Ariz. 190, 192, ¶ 7 (App. 2002).

¶14 However, Emmons brought a products liability claim for a manufacturing defect. Such a claim alleges a defective product "flawed as a result of something that went wrong during the manufacturing process." *Gomulka v. Yavapai Mach. & Auto Parts, Inc.*, 155 Ariz. 239, 241-42 (App. 1987). To establish a prima facie case of strict products liability, "the plaintiff must show that the product is in a defective condition and unreasonably dangerous, the defective condition existed at the time the product left the defendant's control, and the defective condition is the proximate cause of the plaintiff's injury." *Gosewisch v. Am. Honda Motor Co.*, 153 Ariz. 400, 403 (1987) (*superseded by statute on other grounds*).

¶15 A claim of strict products liability, then, requires a different analysis:

> It may be inferred that the harm sustained by the plaintiff was caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, when the incident that harmed the plaintiff: (a) was of a kind that ordinarily occurs as a result of product defect; and (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale or distribution.

5

Restatement (Third) of Torts § 3 (1998).[1]

**¶16**        Emmons argues "1) that a catheter does not normally break in a patient's spine unless it is defective, 2) the nurse complied with the instructions on how to remove the catheter, and 3) that the nurse's actions in removing the catheter were not the sole cause of the catheter breaking in Plaintiff's spine." However, Emmons has failed to provide any evidence to support these contentions, and "an opposing party may not rely merely on allegations or denials of its own pleading." Ariz. R. Civ. P. 56(e).

**¶17**        Emmons provides no evidence to support her claim that a catheter does not normally break unless defective, and the catheter's instructions themselves indicate that "[e]pidural catheters can be inadvertently separated if excessive force is applied during removal." In some product liability cases, common knowledge may enable a layperson to conclude reasonably that the type of injury suffered by the plaintiff would ordinarily occur due to a defective product. *See Lowrey*, 202 Ariz. at 193, ¶ 10. However, this case involves removing a medical device, and an accident of this nature cannot solely be analyzed by common sense. *See Rossell v. Volkswagen of Am.*, 147 Ariz. 160, 167 (1985) (finding that "expert evidence may be required in those cases in which factual issues are outside the common understanding of jurors").

**¶18**        Emmons also points to no admissible evidence that the nurse complied with the instructions and properly removed the catheter. Absent such evidence, *res ipsa loquitur* does not support an inference that the cause of Emmons' injuries must have been due to a defective catheter. Teleflex, on the other hand, provided evidence from Emmons' medical records that indicates the nurse encountered resistance when removing the catheter.

**¶19**        Emmons argues that she was not required to "present [her] entire case file," and the burden is on Teleflex, as the movant, to prove it is entitled to summary judgment. However, the initial burden of production is on the moving party to show that the non-moving party does not have enough evidence to carry its ultimate burden of proof at trial. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008). Once the moving

---

[1]        Although the Arizona Supreme Court has not explicitly adopted § 3 of the Restatement (Third) of Torts, we nevertheless rely on it as a proper statement of the doctrine of *res ipsa loquitur* in claims for product defects. *See Ft. Lowell–NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 102 (1990) ("Absent Arizona law to the contrary, this court will usually apply the law of the Restatement.").

party meets this burden, "the burden then shifts to the non-moving party to present sufficient evidence demonstrating the existence of a genuine factual dispute as to a material fact." *Id.* Again, Emmons cannot just "rest on [her] pleadings" and she must produce some significant probative evidence that creates a material question of fact. *Id.* Although Emmons' claim is based upon a circumstantial inference of Teleflex's responsibility for her injury, she must do more than make a broad claim that because the catheter broke, it was defective; she must point to some evidence that tends to prove her claims, and she failed to do so.

**¶20** Finally, Emmons argues the superior court erred in considering the allegations in her complaint and finding those allegations bound her. Emmons claims the superior court used her allegations against Banner Health as an admission to "bar application of an inference of a defect." The superior court made it clear that it granted Teleflex's motion for summary judgment because Emmons "did not point to admissible evidence on summary judgment that would satisfy her burden of proof." Nevertheless, it is also true that "[p]arties are bound by their pleadings and evidence may not be introduced to contradict or disprove what has been admitted or asserted as fact in their pleadings, and a party may not introduce evidence in contradiction of express allegations of [her] complaint." *Armer v. Armer*, 105 Ariz. 284, 288 (1970); *see also Bank of Am. Nat'l Tr. & Sav. Ass'n v. Maricopa County*, 196 Ariz. 173, 176, ¶ 11 (App. 1999) ("Judicial admissions bind a party in a case to the allegations made in its pleading, absent an amendment to the pleading[.]"). We find no error.

**¶21** The superior court did not err in granting Teleflex's motion for summary judgment.

**CONCLUSION**

**¶22** For the foregoing reasons, we affirm.

