NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUSTIN THOMPSON,
*Plaintiff/Appellant*,

v.

DANNY HUNG PHAM, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 20-0655
FILED 10-19-2021

Appeal from the Superior Court in Maricopa County
No.  CV2018-008579
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Mick Levin, PLC, Phoenix
By Stewart Gross, Mick Levin
*Counsel for Plaintiff/Appellant*

Jones Skelton Hochuli, PLC, Phoenix
By Michael A. Ludwig, Andrew I. Clark, Petra Lonska Emerson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1       Justin Thompson appeals the grant of summary judgment to
Danny Pham, Maryland Manor Condominiums Phase IV, Maryland Manor
Cond, and HK Real Estate Investments, LLC (collectively "Defendants").
Pham owned and directed the property-management entities. For the
following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2       In 2014, Thompson lived as a tenant in Defendants' apartment
building. Thompson's mother notified Pham that the apartment's air
conditioning was broken. Pham hired an independent contractor, Natan
Chiriac of Silver Star Heating and Cooling, LLC ("Silver Star"), to make the
repairs.

¶3       When Chiriac arrived at the apartment, he asked Thompson,
who was fifteen years old, to assist him with repairing the air conditioning
unit located in the attic. After Thompson climbed into the attic, Chiriac
directed him to walk outside the attic's weight-bearing structures.
Thompson fell through the unreinforced portion of the attic floor and
injured his wrist. Thompson sued Defendants, claiming they were
vicariously liable for Chiriac's negligent performance of the nondelegable
duty to keep the premises safe.

¶4       The superior court found Defendants were "not vicariously
liable for the negligence of the independent contractor . . . outside of the
nondelegable duty to make and keep the premises safe." Because no facts
showed "Defendants violated their nondelegable duty to the Plaintiff to
make and keep the premises safe," the superior court granted summary
judgment for Defendants.

**¶5** Thompson filed a "Rule 59 Motion to Vacate/Amend Judgment," which the court denied "[f]or the reasons stated in the [court's grant of summary judgment], and because Rule 59 applies to jury trials rather than motions for summary judgment[.]"

**¶6** Thompson timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

### I. Summary Judgment.

**¶7** "We review de novo a grant of summary judgment, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). To survive a motion for summary judgment, the opposing party "must show that competent evidence is available which will justify a trial on that issue." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 (1978).

**¶8** Generally, an employer is not liable for the negligence of an independent contractor unless the employer has been independently negligent. *Ft. Lowell-NSS Ltd. P'ship v. Kelly*, 166 Ariz. 96, 101 (1990) (citing Restatement (Second) of Torts ("Restatement") §§ 410-415 (1965)). Courts have recognized many exceptions to that general rule, however, and if an "employer delegates performance of a special duty to an independent contractor and the latter is negligent, the employer will remain liable for any resulting injury to the protected class of persons, as if the negligence had been his own." *Id.; see also Wiggs v. City of Phoenix*, 198 Ariz. 367, 371, ¶ 14 (2000) ("[W]here one has a non-delegable duty, the one with whom the principal contracts to perform that duty is as a matter of law always an agent for purposes of applying the doctrine of *respondeat superior*."). But the nondelegable-duty exception "does not impose absolute liability" on landowners. *Kelly*, 166 Ariz. at 104. Instead, landowners are "accountable for the negligent failure of an independent contractor *to put or maintain buildings or structures thereon in reasonably safe condition*." *Id.* (emphasis added).

**¶9** In this context, we have previously adopted Restatement § 422. *See Koepke v. Carter Hawley Hale Stores, Inc.*, 140 Ariz. 420, 423-24 (App. 1984). Section 422 provides:

> A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same

liability as though he had retained the work in his own hands
to others on or outside of the land for physical harm caused
to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land
during the progress of the work . . . .

Thompson cites Restatement § 422 to argue the superior court erred in finding Defendants not vicariously liable for Chiriac's negligence.[1] Thompson's argument fails because he did not allege his injury was caused by any "unsafe condition of the structure," but rather by Chiriac's negligent instruction to walk outside the attic's weight-bearing structures. As noted by the superior court, Thompson never alleged that Defendants "failed to make or keep the premises safe at the time of the AC technician's allegedly wrongful conduct and the Plaintiff's injury."

¶10　　　　Thompson attempts to bypass this hurdle by arguing "Chiriac made the condition of the property unsafe when he negligently instructed a minor Plaintiff to help repair an air conditioner." But a landowner is only liable for a contractor's negligence that "result[s] in a failure to put and maintain the land in that safe condition in which it is the duty of the employer to put and maintain it." Restatement § 422 cmt. e.[2]

¶11　　　　Thompson also argues the granting of summary judgment violates Article 2, Section 31, of the Arizona Constitution, which states that "[n]o law shall be enacted . . . limiting the amount of damages to be recovered for causing the death or injury of any person . . . ." This constitutional provision was not violated because an order granting summary judgment is not "enacted law." *See O'Day v. McDonnell Douglas Helicopter Co.*, 191 Ariz. 535, 541, ¶ 29 (1998) (emphasizing that the express language of Article 2, Section 31 prohibits "enacted" limitations on the

---

[1]　　　　Thompson claims that the superior court found the Defendants' duty to maintain the safety of the premises ended once Chiriac began working on the air conditioner. This misconstrues the superior court's finding that no facts showed Defendants violated the duty owed to Thompson.

[2]　　　　Defendants alternatively assert that Restatement § 426 and the theory of collateral negligence provide further support for the grant of summary judgment. Because we affirm, we need not address this argument.

amount of recoverable damages). Thus, Thompson fails to show the superior court erred in granting summary judgment.

## II. Denial of Rule 59 Motion.

**¶12** The superior court denied Thompson's Rule 59 Motion "[f]or the reasons stated in the [court's grant of summary judgment], and because Rule 59 applies to jury trials rather than motions for summary judgment . . . ." We review the denial of a motion for new trial for an abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450 (App. 1996).

**¶13** The superior court was incorrect. Rule 59 motions apply even in the absence of a trial. *See Watts v. Medicis Pharm. Corp.*, 236 Ariz. 511, 514, ¶ 12 (App. 2015) ("'In fact a "motion for new trial" is almost a misnomer,' as Rule 59 does not require that there have been a trial." (quoting 2A Daniel J. McAuliffe & Shirley J. McAuliffe, *Arizona Practice Series*, Civil Trial Practice § 30.8 (2d ed. 2014))), *vacated in part*, 239 Ariz. 19 (2016). However, the court's erroneous view on the applicability of Rule 59 was not the sole basis for its ruling; the motion was also denied "for the reasons stated" by the court when granting summary judgment to Defendants. The latter is a sufficient basis to deny the Rule 59 Motion—if "a new trial order is justified by any of the grounds cited in the order, an appellate court will not disturb the lower court's exercise of its discretion." *Reeves v. Markle*, 119 Ariz. 159, 163 (1978). The superior court did not abuse its discretion.

## CONCLUSION

**¶14** We affirm the superior court's order.

