[No. B063110. Second Dist., Div. Six. Mar. 25, 1993.]

RONNIE CHARLES FOSTER, Plaintiff and Appellant, v.
COUNTY OF SAN LUIS OBISPO, Defendant and Respondent.

**COUNSEL**

West & Miyamoto and David B. Gelfound for Plaintiff and Appellant.

Keppleman & Carothers and Janet C. Vining for Defendant and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—Ronnie Charles Foster appeals the trial court's judgment dismissing his suit after granting respondent San Luis Obispo County's motion for summary judgment. We affirm.

The issue in this appeal is whether respondent can be sued for legal malpractice based upon the alleged negligent performance of the lawyer it provided for appellant when he was an indigent criminal defendant. We hold that such a suit against a local government entity is not permitted where the person appointed to perform the public defender services is not an employee of the government entity.[1]

Lee Cunningham was appointed to represent appellant in his criminal matter. Cunningham was hired as an independent contractor by a private law firm to perform appellant's defense under the firm's contract with respondent to provide public defender services.

---

[1] We express no opinion on the issue of whether there can be governmental liability for legal malpractice involving a public defender's office established pursuant to Government Code section 27000 et seq.

Following the trial in the criminal case, appellant was convicted of two out of three felony charges, and was sentenced to four years in state prison. The California Supreme Court subsequently ordered appellant's criminal case transferred back to the Court of Appeal for reconsideration. The Court of Appeal in turn remanded the case to the superior court which dismissed the criminal charges against appellant.

Thereafter, appellant commenced this action against respondent and his criminal defense attorney, Lee Cunningham. He alleged with regard to respondent that it failed to properly supervise Cunningham to ensure he exercised the required skills as a lawyer, and that if respondent had exercised reasonable care and skill appellant would not have been incarcerated as a felon.

■■■ Respondent filed its motion for summary judgment on the grounds that it had no supervision or control over Cunningham's actions, that it was statutorily immune from liability for acts of an independent contractor, and that pursuant to *Polk County* v. *Dodson* (1981) 454 U.S. 312 [70 L.Ed.2d 509, 102 S.Ct. 445], a government entity is not liable for a public defender's independent exercise of discretion.[2]

The trial judge granted respondent's motion on the grounds that: 1) appellant failed to allege in his complaint any statutory basis for respondent's mandatory duty to supervise the acts of its public defender; 2) such supervision would constitute a miscarriage of justice; and 3) respondent had no right to practice law under *Merritt* v. *Reserve Ins. Co.* (1973) 34 Cal.App.3d 858 [110 Cal.Rptr. 511].

Appellant contends the trial court's ruling should be overturned because it ignores respondent's constitutional duty to provide effective legal representation for indigent criminal defendants pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 15, of the California Constitution.

Respondent argues that the judgment should be affirmed because it could not legally exercise any supervision or control over defense counsel. We agree.

■ Appellant predicates his suit against respondent upon its alleged duty to provide indigent criminal defendants within its jurisdiction effective legal

---

[2]Respondent's motion essentially comprised a challenge to the sufficiency of appellant's complaint. However, a summary judgment motion necessarily includes a test of the sufficiency of the complaint, and is allowed as being in legal effect a motion for judgment on the pleadings. (*Blanch* v. *Young* (1984) 152 Cal.App.3d 1016, 1019 [200 Cal.Rptr. 9].)

services. However, his use of the term "effective" is overbroad. Although local government entities are required to provide indigent criminal defendants with competent legal counsel, appellant's complaint fails to cite any statute guaranteeing respondent provide him with legal representation that is free of attorney neglect or fault. Since all government tort liability is dependent upon the existence of an authorizing statute, a public entity's duty created by statute must be identified by plaintiff. (*Searcy* v. *Hemet Unified School Dist.* (1986) 177 Cal.App.3d 792, 798, 802 [223 Cal.Rptr. 206].) Here, that requirement has not been met.

Appellant's statutory authority is of no help to him. He argues that Government Code section 815.4 establishes respondent's liability by making its duty to provide competent legal counsel to indigent defendants "nondelegable." He also claims that Government Code section 815.6 applies because his incarceration was the direct result of his counsel's incompetence, which in turn was proximately caused by respondent's failure to provide him with effective counsel.

Section 815.4 provides that a public entity is not liable for the tortious, injury producing acts of its independent contractor if the contractor has acted pursuant to an exercise of discretion. (Gov. Code, §§ 815, subd. (a), 820.2.) Section 815.6 applies to public entities the rule of tort law that negligence can arise only from the violation of a mandatory duty, and that liability only exists for the particular harm caused by the failure to perform the mandatory duty. (*Shelton* v. *City of Westminster* (1982) 138 Cal.App.3d 610, 623 [188 Cal.Rptr. 205].)[3]

Since appellant has not established any mandatory duty by respondent here, Government Code section 815.6 does not apply. Furthermore, the trial court found that respondent was not legally authorized to practice law. Hence, its duty to provide appellant with effective legal representation was "delegable" to Cunningham as a matter of law. (Bus. & Prof. Code, § 6126.) Consequently, Cunningham's representation of appellant was the result of acts of his own discretion, for which respondent was not liable. (Gov. Code, § 815.4.)

---

[3]Section 815.4 provides: "A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person. Nothing in this section subjects a public entity to liability for the act or omission of an independent contractor if the public entity would not have been liable for the injury had the act or omission been that of an employee of the public entity."

Section 815.6 reads: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

The parties do not dispute that government entities in California have a mandatory obligation to provide legal representation to indigent criminal defendants. They do disagree as to what this duty entails. ▮ We hold that the duty of respondent to provide appellant with competent legal assistance extended only to the appointment of counsel, and not to counsel's subsequent legal performance. Therefore, respondent discharged its duty once it provided appellant with the services of a licensed attorney. A licensed attorney is presumed to be competent to perform the powers delegated to him by the state. (*Abar* v. *Rogers* (1981) 124 Cal.App.3d 862, 865 [177 Cal.Rptr. 655]; *Cunningham* v. *Superior Court* (1986) 177 Cal.App.3d 336, 349 [222 Cal.Rptr. 854].)[4]

Appellant contends that the trial court's reliance on *Merritt* v. *Reserve Ins. Co.*, *supra*, 34 Cal.App.3d 858, is erroneous since the case does not involve a public entity or a constitutionally created duty. In *Merritt*, the plaintiff attempted to state a cause of action against his assignor's insurer on the theory that the alleged malpractice of an independent trial attorney, retained by the insurer to represent the assignor against a third party claim, could be imputed to the insurer. The appellate court rejected plaintiff's theory on the ground that in his role as trial counsel the attorney acted in the capacity of an independent contractor, and was not subject to the control and direction of the insurer over his performance. (*Id.* at pp. 880-881.)

*Merritt* applies here. Throughout his briefs, appellant refers to Cunningham as respondent's "employee." Not true. As the attorney in *Merritt*, Cunningham was an independent contractor. An independent contractor of a public entity is not its employee. (Gov. Code, § 810.2.) Hence, respondent's status as a public entity does not affect Cunningham's status as an independent contractor, and therefore does not diminish *Merritt*'s relevance. (*Lynn* v. *Superior Court* (1986) 180 Cal.App.3d 346, 349-350 [225 Cal.Rptr. 427].)

Appellant's reliance on *Briggs* v. *Lawrence* (1991) 230 Cal.App.3d 605 [281 Cal.Rptr. 578] is unavailing. *Briggs* held that a public defender and deputy public defender employed full time by a county could not be sued for malpractice in the absence of plaintiff first filing a claim against the county under the California Tort Claims Act (Gov. Code, § 810 et seq.). (230 Cal.App.3d at pp. 609, 618.) In so holding, the appellate court reasoned that as salaried, full-time public defenders acting within the scope of the duties the county was paying them to perform, defendants were public employees;

---

[4]No allegation is made herein that this licensed representation was not made available to appellant throughout the subject criminal proceedings, or that appellant was required to pay for part or all of such services, or that counsel did not have the required expertise in criminal law.

and suits against public employees constitute suits against the public entity which hired them. (*Id.*, at pp. 609, 612-613.)

Appellant appears to suggest that here, as in *Briggs*, the fact of control by a county over hiring a public defender gives the county automatic control over the manner in which the public defender's work is performed. Not so. *Briggs* itself noted that some counties in California have chosen to provide representation to indigent criminal defendants by assigning attorneys employed by the county, rather than by contracting with private attorneys. (230 Cal.App.3d at p. 616.) Here, Cunningham was not employed by respondent but his services were performed pursuant to a contract between respondent and an independent private law firm. Thus, as the county in *Briggs* may have had some degree of control in the way of "hiring and . . . ongoing quality control to assure that its public defenders are providing competent and professional services" (230 Cal.App.3d at p. 618), such control is totally absent here. Indeed, *Briggs* states that public defenders are not subject to the county's control in focusing on and serving the interests of the public defender's clients. (*Id.*, at p. 617.)

Appellant's attempt to distinguish this case on the basis of government duty also is unavailing in light of *Polk County* v. *Dodson, supra,* 454 U.S. 312. ■ Therein, the United States Supreme Court ruled with regard to public defense lawyers that their duties are those of a private attorney, and they are in fact acting as adversaries of the state. (*Polk County* v. *Dodson, supra,* 454 U.S. at pp. 318, 322, fn. 13 [70 L.Ed.2d at pp. 516, 518-519].) "[A] defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.' This is essentially a private function, traditionally filled by retained counsel, for which state office and authority are not needed. . . . [¶] . . . [I]t is the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages. This Court's decision in *Gideon* v. *Wainwright* [(1963) 372 U.S. 335 (9 L.Ed.2d 799, 83 S.Ct. 792)], established the right of state criminal defendants to the ' "guiding hand of counsel at every step in the proceedings against [them]." ' [Citation omitted.] Implicit in the concept of a 'guiding hand' is the assumption that counsel will be free of state control. There can be no fair trial unless the accused receives the services of an effective and independent advocate." (*Id.*, at pp. 318-319, 321-322 [70 L.Ed.2d at pp. 516-519], fns. omitted.)

Appellant's contention that *Polk County* is inapplicable because its ruling is confined to the actions of a public defender in a federal civil rights action, is without merit. We find no language in the case so limiting its holding.

We conclude under the facts of this case—where the indigent defendant was provided with free and licensed legal assistance throughout the criminal

proceedings, where there is no claim or evidence that the defendant's attorney did not have the required expertise to handle the case, and where the attorney was not employed by the local government entity responsible for providing the defendant with legal representation—that the government entity owes no duty to the defendant to control the performance of the publicly provided lawyer.

The judgment is affirmed.

Gilbert, J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 3, 1993.