21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis FRIDAY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-35486.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided March 21, 1994.
 
 Before: PREGERSON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Friday filed a complaint against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-80. He alleged that certain federal agents negligently performed their duties in connection with his criminal trial. The district court dismissed the action because Friday alleged only violations of his constitutional rights and did not allege any state tort claim. We affirm.
 
 DISCUSSION
 
 3
 Friday alleged that various persons who worked for the United States and who were connected with his criminal trial violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution. Those persons are: the judge, the clerk, the reporter, the prosecuting attorney, the defense attorney, and the FBI agent. Constitutional torts are not cognizable under the FTCA. Federal Deposit Ins. Corp. v. Meyer, --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ----, 62 U.S.L.W. 4138, 4140 (Feb. 23, 1994), aff'g Meyer v. Fidelity Sav., 944 F.2d 562, 568-69 (9th Cir.1991); Pereira v. United States Postal Serv., 964 F.2d 873, 876-77 (9th Cir.1992); Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir.1988). Similarly, to the extent that Friday claims that those persons violated federal laws, he does not state a claim under the FTCA. Meyer, 62 U.S.L.W. at 4140.
 
 
 4
 Friday did allege that those persons committed malicious prosecution and fraud. In general, those claims are not cognizable under the FTCA either. 28 U.S.C. Sec. 2680(h). He also claims negligence, but there is no comparable state analog which would impose tort liability on a judge, prosecutor, court clerk, or court reporter for negligently performing their jobs. See Westbay Steel, Inc. v. United States, 970 F.2d 648, 650 (9th Cir.1992). Even if his appointed defense counsel were negligent, there is no basis under California law for imposing liability on the appointing authority. See Foster v. County of San Luis Obispo, 14 Cal.App.4th 668, 671-73, 17 Cal.Rptr.2d 730, 732-33 (1993). The duty to appoint counsel does not extend to assuring that counsel will perform competently. Id.
 
 
 5
 Friday's claim that the FBI agent tricked him into touching a forged deed of trust is essentially a claim of deceit which is barred by 28 U.S.C. Sec. 2680(h). Assuming for purposes of this appeal that the FBI agent instructed the court reporter to add to the trial transcript a false statement that Friday had a gun, as Friday alleged, statements in the transcript could have had no effect on the jury's verdict. Friday confuses the transcript with what the jury heard as evidence. Friday's imprisonment was legally justified. Thus, even though tort claims for the actions of law enforcement officers may be pursued where they result in false imprisonment, abuse of process or malicious prosecution, Arnsberg v. United States, 757 F.2d 971, 976-80 (9th Cir.1984), cert. denied, 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986), the alleged fingerprint and transcript problem could not have resulted in those torts.
 
 
 6
 Because it is clear that Friday could not amend his complaint, which already set forth his claims in exceedingly great detail, to state a claim for damages against the United States, the district court did not err in dismissing the complaint without giving Friday an opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3