10 P.3d 625

Patricia WIGGS, on her own behalf and on behalf of survivors of Shonna Wiggs, deceased, Plaintiff–Appellee, Cross–Appellant,

v.

CITY OF PHOENIX, a municipal corporation, Defendant–Appellant, Cross–Appellee.

No. CV–99–0401–PR.

Supreme Court of Arizona,
En Banc.

Sept. 5, 2000.

Beale and Micheaels, P.C. By Michael A. Beale, K. Thomas Slack and Zachar & Doughty By Christopher J. Zachar, Phoenix, for Patricia Wiggs.

Jones, Skelton & Hochuli By William R. Jones, Jr., David C. Lewis, The Langerman Law Offices By Amy G. Langerman and Treon, Strick, Lucia & Aguirre By Arthur Newman, Phoenix, for Amicus Curiae Arizona Trial Lawyers Association.

## OPINION

MARTONE, Justice.

¶ 1 We granted review in this wrongful death case to decide whether our comparative fault statute, A.R.S. § 12–2506, preserves vicarious liability for an independent contractor's negligence when the employer of that independent contractor has a non-delegable duty. We conclude that it does.

### I.

¶ 2 Wiggs' daughter was hit and killed by an automobile while crossing a City of Phoenix street at dusk. There was conflicting evidence on whether the streetlight was on at the time of the accident.

¶ 3 Wiggs brought a wrongful death action against the City, alleging improper maintenance of the streetlight. Although the City conceded that its duty to maintain its streets in a reasonably safe condition was non-delegable, it nevertheless named Arizona Public Service (APS), an independent contractor, as a non-party at fault. APS was obligated to operate and maintain the streetlight pursuant to a contract between the City and APS.

¶ 4 At trial, Wiggs asked that the jury be instructed that the City was vicariously liable for APS's negligence. Wiggs relied on the non-delegable duty doctrine under the Restatement (Second) of Torts § 418 (1965).[1] The proposed instruction read:

---

1. The Restatement (Second) of Torts § 418 provides in relevant part:

    (1) One who is under a duty to construct or maintain a highway in reasonably safe condition for the use of the public, and who entrusts its construction, maintenance, or repair to an independent contractor, is subject to the same liability for physical harm to persons using the

Plaintiff claims the City did not maintain the accident scene in a reasonably safe condition in part because streetlights near the accident scene were not illuminated. The City claims that it contracted with Arizona Public Service Company (APS) to maintain the streetlights. The City claims that if there is any deficiency in the time of when the streetlights became illuminated, APS and not the City is liable.

You are instructed that the City of Phoenix has a duty to maintain a public highway in reasonably safe condition for the use of the public. You are further instructed that if the City entrusted maintenance of a highway to an independent contractor like APS, the City is subject to the same liability for physical harm to persons using the highway caused by the negligent failure of the contractor to make it reasonably safe, as though the City had retained the work in its own hands. Accordingly, if you find APS negligently failed to maintain the subject streetlights, then the City of Phoenix is subject to liability as if the City itself had maintained the streetlights.

Plaintiff's Requested Preliminary Instruction No. 1. The trial court refused to give the instruction. The City argued to the jury that it delegated its duty to operate the streetlight to APS, and therefore, if the streetlight was not on at the time of the accident, then APS, not the City, was responsible for the death of Wiggs' daughter. Tr. Nov. 19, 1996 at 46–47.

¶ 5 The jury returned a verdict for the City. Wiggs moved for new trial. In granting Wiggs' motion, the trial court acknowledged its error in refusing to instruct the jury on the City's vicarious liability for APS's negligence. The City appealed, and the court of appeals reversed. *Wiggs v. City of Phoenix*, 197 Ariz. 358, 369, 4 P.3d 413, 424 (App.1999). The majority based its decision on: (1) Wiggs' failure to offer a form of verdict that would have allowed the jury to assign fault to APS in the event it found the

City not negligent;[2] and (2) its conclusion that APS was not an agent of the City, which precluded the City from being vicariously liable for APS's negligence under Arizona's comparative fault scheme. *Id.* at 362–365, 4 P.3d at 417–20.

¶ 6 Judge Noyes dissented believing that the trial court's decision to grant a new trial deserved deference. *Id.* at 369, 4 P.3d at 424. (Noyes, C.J., dissenting). He stated that the failure to instruct the jury on the City's non-delegable duty denied Wiggs a fair trial. *Id.* at 371, 4 P.3d at 426. We granted review to decide whether the court of appeals' resolution of the non-delegable duty issue conflicted with our decision in *Ft. Lowell–NSS Ltd. Partnership v. Kelly*, 166 Ariz. 96, 800 P.2d 962 (1990). Rule 23(c)(3), Ariz. R. Civ.App. P.

## II.

¶ 7 The general rule is that while an employer is liable for the negligence of its employee under the doctrine of *respondeat superior*, an employer is not liable for the negligence of an independent contractor. In *Ft. Lowell*, however, we recognized the "non-delegable duty" exception to the general rule and found a possessor of land vicariously liable for his invitees' injuries even though the injuries were caused by an independent contractor. 166 Ariz. at 104, 800 P.2d at 970. We stated that "[i]f the employer delegates performance of a special duty to an independent contractor and the latter is negligent, the employer will remain liable for any resulting injury to the protected class of persons, as if the negligence had been his own." *Id.* at 101, 800 P.2d at 967. This exception, we explained, "is premised on the principle that certain duties of an employer are of such importance that he may not escape liability merely by delegating performance to another." *Id.*

¶ 8 The City admits, and the court of appeals acknowledged, that the City has a

highway while it is held open for travel during such work, caused by the negligent failure of the contractor to make it reasonably safe for travel, as though the employer had retained the work in his own hands.

**2.** For reasons which follow, Wiggs did not need to submit a form of verdict which allocated fault to APS.

non-delegable duty to maintain its highways in a reasonably safe condition. We agree. We adopt the Restatement (Second) of Torts § 418 (1965) and make explicit what was implicit in *Ft. Lowell.* This being the case, then the City would be liable vicariously for the negligence of APS in maintaining the streetlight. But the City argues that legislative abolition of joint and several liability changes the outcome. It relies upon A.R.S. § 12–2506(D), which, in relevant part, limits joint liability to persons "acting in concert or if the other person was acting as an agent or servant of the party." A.R.S. § 12–2506(D). It claims that an independent contractor like APS is neither a servant nor an agent of the City. It concludes, therefore, that it cannot be vicariously liable for the acts of APS.

¶ 9 We think this argument is supported by neither sound reason nor the statute. First, how can it be that one can admit to the existence of a non-delegable duty, but then disclaim liability for the non-performance of that duty? The concepts are mutually exclusive.

¶ 10 Second, and central to this case, the statute does not support the City's argument. The statute uses the words "agent or servant." While it is always the case that an independent contractor is not a servant, it is not always the case that an independent contractor is not an agent. "An agent who is not a servant is, therefore, an independent contractor when he contracts to act on account of the principal." Restatement (Second) of Agency § 2 cmt. b (1958). Examples abound. Insurance agencies are agents of insurance carriers but are independent contractors, not employees. Real estate agents are agents of their clients but they are not their employees. Lawyers are agents of their clients, but they are not their employees. *See* Restatement (Second) of Agency § 14N and cmt. a (1958)("most of the persons known as agents, that is, brokers, factors, attorneys, collection agencies, and selling agencies are independent contractors .... [T]hey fall within the category of agents."). In each of these instances, the agent is an independent contractor. The client (principal) instructs the independent contractor (agent), on what to do, but not

how to do it. That is what distinguishes an independent contractor from an employee. Just as employees are a species of agents, so, too, are many independent contractors. *See* Restatement (Second) of Agency § 2(3) (1958) (defining an independent contractor as "a person who contracts with another to do something .... *He may or may not be an agent.*" (emphasis added)); *see also J.K. v. Dillenberg,* 836 F.Supp. 694, 699 (D.Ariz. 1993) ("[A]n independent contractor and an agency relationship are not mutually exclusive concepts.") (citing Restatement (Second) of Agency § 14N (1958)). Where there is a non-delegable duty, the principal is "held liable for the negligence of his agent, whether his agent was an employee, or an independent contractor." *Maloney v. Rath,* 69 Cal.2d 442, 71 Cal.Rptr. 897, 445 P.2d 513, 515 (1968). *See generally,* Restatement (Second) of Agency §§ 214, 251(a)(1958). Here, because APS contracted to act on the City's behalf to maintain the streetlights, APS was the City's agent for the performance of that non-delegable duty.

¶ 11 For example, in *Medley v. North Carolina Department of Correction,* 330 N.C. 837, 412 S.E.2d 654 (1992), an inmate filed a negligence claim against the Department of Correction. He alleged that a doctor hired by the prison misdiagnosed his ingrown toenail which later became gangrenous and required an above-knee amputation. The court held that at the time the doctor diagnosed Medley, he was "as a matter of law an agent of the state for whose alleged negligence the state is liable." *Id.* at 656. The state had a non-delegable duty to provide medical care to prisoners and where one has a non-delegable duty, "one with whom the principal contracts to perform that duty is as a matter of law an agent for purposes of applying the doctrine of *respondeat superior.*" *Id.* at 659.

¶ 12 In *Srithong v. Total Investment Co.,* 23 Cal.App.4th 721, 28 Cal.Rptr.2d 672 (1994), the court showed how vicarious liability for non-delegable duties and comparative fault statutes are compatible. Srithong operated a restaurant in a mini-mall owned and managed by Total. Total hired Modern, an independent contractor, to repair the roof of the building. Hot tar seeped through the

ceiling and injured Srithong. Srithong brought an action against both Total and Modern. Total argued that it could not be held liable for Modern's negligence because of California's comparative fault statute. The court disagreed and stated that "the non-delegable duty rule is a form of vicarious liability because it is not based on the personal fault of the landowner who hired the independent contractor." *Id.* at 675. It explained that "[u]nlike the doctrine of joint and several liability, vicarious liability is a matter of status or relationship, not fault. . . . [W]here vicarious liability is involved, there is no fault to apportion." *Id.* at 676.

¶ 13 The court in *Srithong* seized upon an important point. Joint liability and vicarious liability are related but separate doctrines. The joint liability that was abolished by A.R.S. § 12–2506(D) was limited to that class of joint tortfeasors whose independent negligence coalesced to form a single injury. In contrast to those whose liability was vicarious only, each was personally at fault to some degree, though each was wholly liable for full damages. Section 12–2506 changed that. Each is now "liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." A.R.S. § 12–2506(A). But section 12–2506(D) preserves joint liability for both true joint tortfeasors (those "acting in concert") and those vicariously liable for the fault of others. Those whose liability is only vicarious have no fault to allocate. Section 12–2506(D) recognizes this by stating that "a party is responsible for the fault of another person ... if the other person was acting as an agent or servant of the party." We see this as a simple acknowledgment that those whose liability is only vicarious are fault free—someone else's fault is imputed to them by operation of law. The quoted language just makes express that which is implicit—the statute does not affect the doctrine of vicarious liability.

¶ 14 Thus the vicarious liability of an employer of an independent contractor, where that employer has a non-delegable duty, is unaffected by our comparative fault statute because where one has a non-delegable duty, the one with whom the principal contracts to perform that duty is as a matter of law always an agent for purposes of applying the doctrine of *respondeat superior.* Contrary to the City's argument, this no more immunizes an independent contractor for its own negligence than an employee of an employer. In each case, the employer may seek indemnity against the independent contractor in cases of pure vicarious liability, or contribution against an independent contractor in cases in which the employer has some degree of independent liability. As to indemnity, *see* A.R.S. § 12–2501(F)(1), and as to contribution, *see* A.R.S. § 12–2506(E).

¶ 15 In this case, however, APS was not joined as a party. Instead, the City named it as a non-party at fault under § 12–2506(B). In a case of vicarious liability, it does not make legal or tactical sense to name as a non-party at fault, the party whose conduct is imputed to the employer, because the employer will be fully liable for that fault. From Wiggs' perspective, allocation is irrelevant—with or without an allocation, the City is 100% liable. From the City's perspective, an allocation of fault to a non-party is irrelevant because A.R.S. § 12–2506(B) precludes the use of such a finding in any later action brought by the City against APS for indemnity.

¶ 16 Even if Wiggs had joined APS as a defendant, or if the City had joined APS as a third-party defendant under Rule 14(a), Ariz. R. Civ. P., and an allocation of fault was required, the trial court would simply enter judgment against the employer, the City here, for the combined percentages of both the employer's and the contractor's fault. In short, the independent contractor of an employer with a non-delegable duty would be treated the same way an employee is treated.

### III.

¶ 17 Wiggs was entitled to the instruction that the City had a non-delegable duty. Without this instruction, the jury could have found that the City was not liable for APS's conduct. The trial judge was correct in concluding that this error deprived Wiggs of a fair trial. We vacate the opinion of the court

of appeals and remand the case to the superior court for new trial.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, and RUTH V. McGREGOR, Justice.

