OPINION
THOMPSON, J.
¶ 1 Plaintiffs-appellants Robert and Lori Nelson appeal from the trial court’s grant of summary judgment to defendants-appellees Grayhawk Properties, L.L.C.; Grayhawk Development, Inc.; and Grayhawk Residential, Inc. (Grayhawk), finding that the City of Scottsdale (Scottsdale) had a non-delegable duty to safely maintain its roadways. For the fallowing reasons, we reverse and remand
FACTUAL AND PROCEDURAL HISTORY
¶ 2 This case arises from an automobile accident in March 1999 at the intersection of Thompson Peak Parkway and 76th Street in an area of North Scottsdale developed by Grayhawk. At issue is whether Scottsdale or Grayhawk had a duty to maintain that intersection. In order to obtain approval to develop land for residential and commercial use, Grayhawk was required to dedicate a right-of-way to Scottsdale. After dedication of the right-of-way, Grayhawk was required to pay for, and ensure completion of, the design and construction of roadways and related improvements. Grayhawk also continued to be responsible for maintaining the landscaping after the dedication of the right-of-way.
¶ 3 In December 1996, Thompson Peak Parkway was opened and dedicated for use by Scottsdale. At that time, the median landscaping had not been installed at the intersection of Thompson Peak Parkway and 76th Street, and there was no traffic signal. Grayhawk obtained landscaping plans for the intersection of Thompson Peak Parkway and 76th Street. The landscaping plans contemplated that the intersection would be controlled by a traffic signal. The plan was submitted to Scottsdale for approval. Gray-hawk installed the median landscaping in 1997, before the completion of installation of traffic signals in 1999.
¶ 4 In March 1999, the traffic signals were not yet activated at this intersection, although there was a stop sign on 76th Street south of Thompson Peak Parkway. A northbound driver on 76th Street attempted to turn left onto Thompson Peak Parkway after stopping at the stop sign. Allegedly sight-obscuring landscaping prevented the driver and Robert Nelson, who was approaching from the east on a motorcycle, from seeing each other. The two vehicles collided, resulting in injury to Nelson.
¶ 5 The Nelsons sued Grayhawk for the allegedly negligent installation and maintenance of the median landscaping at Thompson Peak Parkway around the intersection of 76th Street. According to the Nelsons, there was an obstructed view at the intersection *429 and no operational traffic signals, which created an unreasonably dangerous condition. Grayhawk moved for summary judgment, claiming that (1) it owed no duty to the Nelsons, and (2) Scottsdale’s non-delegable duty to keep the roadway safe made Scottsdale solely responsible for any negligence, even that of an independent contractor. The Nelsons responded that (1) Grayhawk had a duty to safely improve and maintain the roadway after it dedicated the right-of-way, and (2) Scottsdale’s non-delegable duty did not immunize Grayhawk from liability for its own negligence under Wiggs v. City of Phoenix (Wiggs II), 198 Ariz. 367, 10 P.3d 625 (2000). The Nelsons also cross-moved for summary judgment, arguing that Grayhawk had a non-delegable duty to construct and improve the intersection. The trial court granted summary judgment to Grayhawk, relying on Wiggs II, and the Nelsons timely appealed.
DISCUSSION
¶ 6 We review the trial court’s grant of summary judgment de novo and view the evidence and reasonable inferences in the light most favorable to the non-moving party. Aranki v. RKP Invs., Inc., 194 Ariz. 206, 208, ¶ 6, 979 P.2d 534, 536 (App.1999) (citations omitted).
¶ 7 The Nelsons assert that a negligent contractor or developer is not relieved of liability for its own negligence in improving or maintaining a roadway just because a municipality also has a separate, non-delegable duty to keep the roadway reasonably safe. They assert that Wiggs II does not immunize Grayhawk from liability for its own negligence. We agree.
¶ 8 In Wiggs, the plaintiffs daughter was killed by an automobile while crossing a street in the City of Phoenix (City). Id. at 368, ¶ 2, 10 P.3d at 626. The plaintiff sued the City for wrongful death, alleging improper maintenance of the streetlight. Id. at ¶ 3, 10 P.3d 625. The City conceded that its duty to maintain its streets in a reasonably safe condition was non-delegable but named Arizona Public Service (APS), an independent contractor obligated to operate and maintain the streetlight under a contract with the City, as a non-party at fault. Id. The plaintiff asked that the jury be instructed that the City was vicariously liable for APS’s negligence. Id. at ¶ 4, 10 P.3d 625. The trial court refused the instruction. Id. at 369, ¶ 4, 10 P.3d at 627.
¶ 9 The jury returned a verdict in favor of the City. Id. at ¶ 5, 10 P.3d 625. The trial court granted the plaintiffs motion for new trial, believing that it had erred in refusing to instruct the jury on the City’s vicarious liability for APS’s negligence. Id. On appeal, we reversed. Wiggs v. City of Phoenix (Wiggs I), 197 Ariz. 358, 4 P.3d 413 (App.1999). We concluded that APS was not the City’s agent, which precluded the City from being vicariously liable for APS’s negligence under Arizona’s comparative fault scheme. Id. at 365-66, ¶¶ 28-32, 4 P.3d at 420-21.
¶ 10 The Arizona Supreme Court, however, vacated our decision. Wiggs II, 198 Ariz. at 371-72, ¶ 17, 10 P.3d at 629-30. The court noted that “[t]he general rule is that while an employer is liable for the negligence of its employee under the doctrine of respondeat superior, an employer is not liable for the negligence of an independent contractor.” Id. at 369, ¶ 7, 10 P.3d at 627. There is, however, an exception to that rule where there is a non-delegable duty. Id. (citing Ft. Lowell-NSS Ltd. P’ship v. Kelly, 166 Ariz. 96, 104, 800 P.2d 962, 970 (1990) (finding possessor of land vicariously liable for invitees’ injuries even though they were caused by an independent contractor)). Therefore, if an employer delegates performance of a special duty to an independent contractor, and the independent contractor is negligent, the employer remains liable for any resulting injury as if the employer itself had been negligent. Id. This exception exists because certain duties of an employer are so important that the employer cannot escape liability by delegating performance to another. Id.
¶ 11 The City asserted that the legislative abolition of joint and several liability meant that it could not be vicariously liable for APS’s negligence, relying on Arizona Revised Statutes (A.R.S.) § 12-2506(D), which, in relevant part, limits joint liability to cases where the party and other person were act *430 ing in concert or where the other person was acting as an agent or servant of the party. Id. at 370, ¶ 8, 10 P.3d at 628. According to the City, an independent contractor like APS is not its servant or agent. Id. The court disagreed. Id. at ¶ 9, 10 P.3d 625.
¶ 12 The court reasoned that, while an independent contractor is never a servant, it does not always follow that an independent contractor is not an agent. Id. at ¶ 10, 10 P.3d 625 (citing Restatement (Second) of Agency § 2 cmt. b (1958)). Such is the case because a client or principal instructs the independent contractor or agent on what to do but not how to do it. Id. And, where there is a non-delegable duty, the principal is liable for the negligence of the agent, whether the agent is an employee or independent contractor. Id. (citations omitted). Because APS contracted to maintain the streetlights on behalf of the City, the court found that APS was the City’s agent for performance of that non-delegable duty. Id. The court stated:
Joint liability and vicarious liability are related but separate doctrines. The joint liability that was abolished by A.R.S. § 12-2506(D) was limited to that class of joint tortfeasors whose independent negligence coalesced to form a single injury. In contrast to those whose liability was vicarious only, each was personally at fault to some degree, though each was wholly hable for full damages. Section 12-2506 changed that. Each is now “liable only for the amount of damages allocated to that defendant in direct proportion to that defendant’s percentage of fault.” A.R.S. § 12-2506(A). But section 12-2506(D) preserves joint liability for both true joint tortfeasors (those “acting in concert”) and those vicariously liable for the fault of others. Those whose liability is only vicarious have no fault to allocate. Section 12-2506(D) recognizes this by stating that “a party is responsible for the fault of another person ... if the other person was acting as an agent or servant of the party.” We see this as a simple acknowledgment that those whose liability is only vicarious are fault free — someone else’s fault is imputed to them by operation of law. The quoted language just makes express that which is implicit — the statute does not affect the doctrine of vicarious liability.
Id. at 371, ¶ 13, 10 P.3d at 629. The court determined that allocating any fault to non-party APS was pointless because, either way, the City was 100% liable and, under A.R.S. § 12-2506(B), the City could not use such a finding in a later action against APS for indemnity. Id. at ¶ 15, 10 P.3d 625. Moreover, even if APS had been a named defendant or joined as a third-party defendant and allocation of fault was required, the trial court would have had to enter judgment against the City for the combined percentages of fault for both the City and APS because an “independent contractor of an employer with a non-delegable duty would be treated the same” as an employee. Id. at ¶ 16, 10 P.3d 625. Such is the nature of Grayhawk’s argument here.
¶ 13 In this case, it is the independent contractor, Grayhawk, who is a named defendant and not Scottsdale. Therefore, the Nelsons argue that Grayhawk should be liable for its own negligence even if Scottsdale is vicariously liable. The Nelsons also contend that Grayhawk remained liable to the public after it dedicated the right-of-way to Scottsdale because Grayhawk’s negligence occurred after the dedication. Grayhawk maintains that it owed no duty to the Nelsons and that it designed and constructed the intersection pursuant to Scottsdale’s rules, regulations, limitations, specifications, and requirements. According to Grayhawk, Scottsdale had the sole, non-delegable duty here.
¶ 14 We agree with the Nelsons that both Grayhawk and Scottsdale can be liable in the scenario presented in this case. Just because Scottsdale may have a non-delegable duty does not mean that the independent contractor, Grayhawk, cannot also be liable under Wiggs II. Wiggs II does not address the liability of the independent contractor, APS. Rather, that lawsuit was only between the plaintiff and the City and involved the City’s non-delegable duty. Id. at 368, ¶¶ 2-3, 10 P.3d at 626. Scottsdale is not a party to this lawsuit and, therefore, its non-delegable duty is not at issue here. Any non-delegable *431 duty on the part of Scottsdale does not immunize or negate the alleged liability of Grayhawk. In fact, Wiggs II specifically states that the imposition of a non-delegable duty on a municipality “no more immunizes an independent contractor for its own negligence than an employee of an employer.” Id. at 371, ¶ 14, 10 P.3d at 629. Therefore, the non-delegable duty doctrine as applied in Wiggs II does not impose an exclusive duty upon a municipality. Rather, it holds that the non-delegable duty doctrine is one of vicarious liability for which an independent contractor can still be held independently liable for its own negligence. In other words, both the municipality and independent contractor have a duty of reasonable care. See Coburn v. City of Tucson, 143 Ariz. 50, 53, 691 P.2d 1078, 1081 (1984) (“assuming], without deciding, that because the city controls both the street and the adjacent land its duty as owner of the lot is coextensive with its duty as the possessor of the abutting streets”). The non-delegable duty doctrine only addresses whether the municipality will remain liable to pay for the independent contractor’s negligence.
¶ 15 Here, Scottsdale is not a party, but such does not mean that Grayhawk cannot be found liable. Therefore, the trial court erred in granting summary judgment to Grayhawk because it erroneously interpreted Wiggs II to mean that Scottsdale was exclusively liable here. We thus reverse the trial court’s judgment and remand for further proceedings.
¶ 16 The Nelsons also ask that we direct partial summary judgment in their favor because Grayhawk itself had a non-delegable duty to keep the roadway reasonably safe for vehicular traffic. According to the Nelsons, Grayhawk’s alleged non-delegable duty makes it jointly liable for the negligence of the contractors it hired under Restatement (Second) of Torts § 418 (1965) (one who has a duty to construct a highway in a reasonably safe condition and who entrusts construction to an independent contractor is subject to same liability caused by the contractor’s negligence as though the employer had retained the work). The trial court made no ruling on the cross-motion for summary judgment when it erroneously directed summary judgment in favor of Grayhawk. Because this issue would be better addressed initially in the trial court, we decline to direct partial summary judgment to the Nelsons on this basis.
¶ 17 Both the Nelsons and Grayhawk request their costs on appeal under A.R.S. § 12-342 (2003). We deny these requests without prejudice to a later request upon determination of which party is successful in the action.
CONCLUSION
¶ 18 For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.
CONCURRING: MAURICE PORTLEY, Presiding Judge, and DANIEL A. BARKER, Judge.