SUPREME COURT OF ARIZONA
En Banc

```
STATE OF ARIZONA,              )  Arizona Supreme Court
                               )  No. CV-08-0174-PR
                  Petitioner,  )
                               )  Court of Appeals
          v.                   )  Division One
                               )  No. 1 CA-SA 08-0072
THE HONORABLE BETHANY G. HICKS,)
Judge of the SUPERIOR COURT OF )  Maricopa County
THE STATE OF ARIZONA, in and for) Superior Court
the County of MARICOPA,        )  No. CV2007-001874
                               )
             Respondent Judge, )
                               )
                               )  O P I N I O N
RAPHAEL DURNAN,                )
                               )
        Real Party in Interest.)
_____)
```

Special Action from the Superior Court in Maricopa County
The Honorable Bethany G. Hicks, Judge

**REVERSED AND REMANDED**

_____

Petition for Review from Order of the Court of Appeals,
Division One, No. 1 CA-SA 08-0072

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By    Daniel P. Schaack, Assistant Attorney General
           Richard P. Broder, Assistant Attorney General    Tucson

Attorneys for State of Arizona

SHERICK LAW OFFICE                                         Tucson
     By    Steven P. Sherick

And

WILLIAM G. WALKER, P.C.                                          Tucson
      By   William G. Walker

And

HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.        Tucson
      By   Stanley G. Feldman
Attorneys for Rafael Durnan
_____

**R Y A N**, Justice

¶1      We here consider whether the State is vicariously liable when a private attorney appointed to represent an indigent criminal defendant provides negligent representation. We hold that when there is no claim that an indigent defendant's appointed contract attorney did not have the required skill and experience to handle the case, the State cannot be held liable for the attorney's subsequent negligence.

**I**

¶2      The Gila County grand jury indicted Rafael Durnan on four felony counts.  Because he had no funds to hire an attorney, a Gila County Superior Court judge appointed Kristi Riggins to defend him.  Riggins was in private practice and had contracted with Gila County to represent indigent defendants.[1]

¶3      After a jury convicted Durnan of three of the charges,

_____

[1]   Gila County does not have a county-funded public defender's office; therefore it relies on contract counsel to defend indigent defendants.  *See* Arizona Public Defender Association, http://www.adpa.us/offices; Gila County Superior Court, http://www.supreme.state.az.us/gilasc (last visited Dec. 18, 2008).

2

the judge sentenced him to ten years in prison.

¶4        Durnan then petitioned for post-conviction relief, claiming that Riggins had provided ineffective assistance of counsel. *See* Ariz. R. Crim. P. 32.1. After a hearing, the superior court found ineffective assistance and ordered a new trial. The State subsequently dismissed all charges against Durnan. By then, he had served five years in prison.

¶5        Durnan sued the State, alleging that the State had negligently hired and supervised Durnan's court-appointed counsel, and that the State was also vicariously liable for counsel's negligence.[2] Durnan later dismissed the negligent hiring and supervision claims, leaving only the claim of vicarious liability.

¶6        The State maintained that it cannot be vicariously liable because Riggins was an independent contractor over whom it exercised no supervision or control. Durnan argued that Riggins's status as an independent contractor was irrelevant under the non-delegable duty exception to the vicarious liability doctrine.

¶7        The superior court judge denied cross-motions for summary judgment, concluding that "the State would be liable for any malpractice by defendant Riggins" under the doctrine of non-

---

[2]    Durnan named but later dismissed Riggins and Gila County as defendants in the lawsuit.

delegable duty set forth in *Wiggs v. City of Phoenix*, 198 Ariz. 367, 10 P.3d 625 (2000). The State filed a special action in the court of appeals, which declined jurisdiction without comment.

¶8     We granted the State's petition for review because this matter raises an issue of first impression of statewide importance. We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and Rule 23 of the Arizona Rules of Civil Appellate Procedure.

**II**

¶9     We must determine whether the State's duty to provide counsel to indigent defendants includes a duty to ensure that private appointed counsel effectively represents the defendant.[3] Only if the State has such a duty is it necessary to decide whether the duty is non-delegable. We thus turn to an analysis of the scope of the State's duty.

**A**

¶10     "Duty is defined as an obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 10, 150 P.3d

---

[3]     This case does not involve whether a county-funded public defender's office could be held liable for the malpractice of one of its attorneys, and we express no opinion on that subject.

4

228, 230 (2007) (internal quotation marks and citation omitted). The United States and Arizona Constitutions guarantee the right to assistance of counsel in criminal cases. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."); Ariz. Const. art. 2, § 24 ("In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel . . . .").

¶11      In 1963, the United States Supreme Court held that the Sixth Amendment, as applied to the states by the Fourteenth Amendment, generally requires states to provide counsel for indigent defendants in criminal cases. *Gideon v. Wainwright,* 372 U.S. 335, 342 (1963). It reasoned that "[t]he assistance of counsel is often a requisite to the very existence of a fair trial." *Argersinger v. Hamlin*, 407 U.S. 25, 31 (1972). Central to "the right to counsel is the right to the *effective* assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (emphasis added, internal quotation marks and citation omitted). This Court therefore has recognized that the State has the duty to appoint competent counsel. *State v. Torres*, 208 Ariz. 340, 342, ¶ 6, 93 P.3d 1056, 1058 (2004); *Zarabia v. Bradshaw*, 185 Ariz. 1, 3, 912 P.2d 5, 7 (1996) (holding that Yuma County's system of random appointment of private attorneys to represent indigent clients offended an

Arizona statute and rule of criminal procedure because it failed to consider the skill-level required for each case); *State v. DeLuna*, 110 Ariz. 497, 500-01, 520 P.2d 1121, 1124-25 (1974) (explaining that a defendant is entitled to competent counsel).

**B**

¶12      The question then becomes whether the State's duty is such that the State may be held liable for appointed contract counsel's ineffective representation.  The answer is no.  The State's duty ends once it has appointed competent counsel.  *See Foster v. County of San Luis Obispo*, 17 Cal. Rptr. 2d 730, 733 (Ct. App. 1993) ("[T]he duty of [the county] to provide appellant with competent legal assistance extended only to the appointment of counsel, and not to counsel's subsequent legal performance.").  Any enlargement of the State's duty beyond appointment of qualified counsel would also suggest a corollary right of the State to supervise the performance of counsel's duties.   Such supervision would encroach upon both the defendant's Sixth Amendment rights, *Strickland*, 466 U.S. at 686, and the appointed attorney's ethical obligations, *Polk County v. Dodson*, 454 U.S. 312, 321 (1981) (noting that an appointed attorney, even though paid by the State, has an ethical duty to exercise independent judgment on behalf of the client).  Thus, we hold that the State's constitutional duty is discharged once

the State has appointed a competent attorney.[4]

¶13    *Polk County* is instructive.    There, an indigent criminal defendant sued Polk County claiming that his public defender's inadequate representation violated his constitutional rights.  *Id*. at 314.   The United States Supreme Court held that a public defender does not act under color of state law when providing representation to an indigent defendant.   454 U.S. at 324-25.   The Court noted that "a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing 'the undivided interests of his client.'"   *Id*. at 318-19 (quoting *Ferri v. Ackerman*, 444 U.S. 193, 204 (1979)).    Therefore, once qualified counsel is appointed, the State's duty is complete because it cannot interfere with the representation provided by appointed counsel. *See id.* at 318 (noting that although attorneys are licensed by the state, they serve a private function when defending a client); *see also Ferri*, 444 U.S. at 204 (observing that "the primary office performed by appointed counsel parallels the office of privately retained counsel").   As the Court recognized in *Strickland*, "[t]he government is not responsible for, and hence not able to prevent, attorney errors that will result in

---

[4]    Because the parties stipulated to dismiss Durnan's negligent hiring claim with prejudice, there is no issue as to Riggins' qualifications to serve as Durnan's attorney at the time of appointment.

reversal of a conviction or sentence." 466 U.S. at 693. The State's duty is to appoint qualified counsel for an indigent defendant; the duty to provide effective representation belongs to the attorney, not the State.

## III

¶14 Durnan does not claim that Riggins was unqualified or incapable of providing adequate representation - only that she did not in fact provide such representation. Because the State may not participate in the actual representation of an indigent defendant, the State discharged its duty to provide competent counsel when it appointed Riggins to represent Durnan.[5] Therefore, the superior court erred in finding that the State could be held vicariously liable under the non-delegable duty doctrine for the alleged negligence of the court-appointed contract attorney.

## IV

¶15 For the foregoing reasons, we reverse the order of the

---

[5] Durnan argues that the State has a non-delegable duty to provide effective assistance of counsel, relying on *Wiggs v. City of Phoenix*, 198 Ariz. 367, 10 P.3d 625 (2000), and *Medley v. North Carolina Department of Corrections*, 412 S.E.2d 654 (N.C. 1992). As discussed above, however, the State's sole duty is to appoint competent counsel, and it indisputably fulfilled that duty here by directly appointing qualified counsel. Thus, *Wiggs* and *Medley* are inapposite because in both cases, the government hired others to discharge its duties. *See Wiggs*, 198 Ariz. at 268, ¶ 3, 10 P.3d at 626 (stating that the city-hired contractor operated and maintained streetlight); *Medley*, 412 S.E.2d at 655 (indicating doctor was an independent contractor for, and not an employee of, state prison).

superior court and remand the case to that court for entry of judgment for the State.


_____
                        Michael D. Ryan, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice